## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY RICKS | CIVIL ACTION |
| VERSUS | NO. 24-1773 |
| WAL-MART LOUISIANA, LLC, ET AL. | DISTRICT JUDGE LONG<br>MAGISTRATE JUDGE DOSSIER |

### ORDER AND REASONS

Before the Court is a Motion for Leave to File Amended Complaint (Doc. 12) filed by Plaintiff, Amy Ricks. Defendant, Walmart, LLC ("Walmart"), initially opposed the motion (Doc. 15), but that opposition was withdrawn. For the reasons below, the motion to amend is granted. It is also recommended that this matter be remanded because the amendment destroys diversity jurisdiction and there is no other basis for federal jurisdiction.

### I. Background

The allegations in the Petition are as follows. On July 1, 2023, Plaintiff was shopping at Walmart.[1] She slipped and fell because of a liquid on the floor.[2] An unknown store employee ("Drew Doe") had handled store merchandise that leaked the liquid, causing the fall.[3] Plaintiff, who was in severe pain, reported to the emergency room that same day.[4]

---

[1] Doc. 1-1, ¶ 6.
[2] *Id.*
[3] *Id.* ¶ 7.
[4] *Id.*

1

Plaintiff sued Walmart and "Drew Doe."[5] Walmart removed the state court lawsuit on July 16, 2024, based on diversity jurisdiction.[6] Walmart's discovery responses identified "Drew Doe."[7] Plaintiff timely moved to amend to add the named employee as a defendant.

## II. Analysis

Generally, Rule 15 of the Federal Rules of Civil Procedure governs proposed amendments to pleadings, and Rule 20 governs joinder. When amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Courts exercising discretion under § 1447(e) must more closely "scrutinize" amendment than they would under Rule 15(a) and Rule 20. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).

In *Hensgens*, the Fifth Circuit provided a nonexclusive list of relevant factors for courts to consider when exercising that discretion:

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider[: 1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities

---

[5] Doc. 1-1.
[6] Doc. 1.
[7] Doc. 12-5, p. 2.

and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.* Each of these factors supports allowing amendment in this case. *See Trabelsi v. Lab'y Corp. of Am. Holdings*, No. CV 24-328, 2024 WL 3488259, at *4 (E.D. La. July 19, 2024) (citing cases), *recognized,* No. CV 24-328, 2024 WL 3497859 (E.D. La. July 22, 2024) (remanding for lack of subject matter jurisdiction given that amendment destroyed complete diversity). Moreover, the motion is unopposed.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that the Motion to Amend is **GRANTED.** Given that the parties do not dispute that amendment destroys subject matter jurisdiction, the undersigned recommends that this matter be remanded by the District Court.

New Orleans, Louisiana, this 14th day of November, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE