**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

AMY RICKS                                                    CIVIL ACTION

VERSUS                                                       NO. 24-1773

WAL-MART LOUISIANA, LLC, ET AL.                              SECTION "O"

## ORDER & REASONS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. §1332 require complete diversity of citizenship.[3] The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states then all persons on the other side.[4]

On November 14, 2024, the Magistrate Judge granted Plaintiff's Motion to Amend.[5] Plaintiff's First Amended, Supplemental, and Restated Complaint was thereafter filed in the record, naming Kelly Calagna as additional defendant in the above-captioned matter.[6]

In her state court petition, Plaintiff alleges that she is a resident of the state of Louisiana.[7] And now, in her amended complaint, Plaintiff alleges that Defendant Kelly Calagna is an individual domiciled in the state of Louisiana.[8] The parties are

---

[1] *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* 28 U.S.C. §1332; Doc. 1 at 1.
[3] *See Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cit. 2010) (citations omitted).
[4] *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] ECF No. 25.
[6] ECF No. 1-1.
[7] ECF No. 26.
[8] ECF No. 26 at 1.

therefore not completely diverse.[9] Accordingly, the Court lacks jurisdiction over this matter and this case must be remanded to state court.[10]

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction. Accordingly, **IT IS ORDERED** that the above-captioned matter is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa.

New Orleans, Louisiana this 18th day of November, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] *See McClaughlin*, 376 F.3d at 353.

[10] FED.R.CIV.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F.Supp. 3d 632, 637 (E.D. La. 2021) ("Remand to state court is appropriate if the federal court lacks subject-matter jurisdiction.")